MANNING BEAMS and HIRAM ARCHER, appellants, *v.* GEORGE DENHAM and NATHANIEL BUCKMASTER, appellees.

*Appeal from Madison.*

Under the statutes of Illinois, the Circuit Court has power to dissolve an injunction on the coming in of the answer, if it denies the equity of the bill. Still it does not follow, that the bill should be dismissed because the injunction is dissolved. Before a bill can be dismissed, there must be an issue made up between the parties, in the manner prescribed by § 14 of the act regulating proceedings in chancery.

To justify a court of chancery, in this State, in hearing a cause upon bill and answer, it should appear that the complainants were in default in not replying within four days after filing the answer, if the same was put in in term time.

Where the complainants filed a bill in chancery time, for an injunction and a new trial in an action at law, setting forth that the action was commenced on a replevin bond; and that shortly before the term of the Court to which the writ in the said action was returnable, one of the complainants, and the principal in the replevin bond, became sick and unable to attend Court. That his agent called upon the attorney for the plaintiff, who informed him, that, in view of the circumstances, the suit should be continued; notwithstanding which a judgment by default, through mistake or forgetfulness, as complainants supposed, was taken at said term of the Court, for the entire penalty of the bond, which the complainants alleged they were not justly or equitably bound to pay: *Held,* that these facts were sufficient to authorize a court of chancery to grant relief.

THIS cause was heard in the Court below, at the February term, 1839, before the Hon. Sidney Breese.

S. T. LOGAN, J. GILLESPIE, and SMITH, for the appellants.

A. COWLES and J. M. KRUM, for the appellee, contended, 1. That such negligence was shown by the complainants, that they were not entitled to the interposition of a court of chancery. 1 Johns. Chan. 465; 2 Johns. Chan. 228; 3 Johns. Chan. 351; 6 Johns. Chan. 87, 497.

2. That courts of equity will not interfere to grant new trials except in extraordinary cases, of which this is not one. 3 Johns. Chan. 275; 6 Johns. Chan. 235; 7 Johns. Chan. 174; 14 Johns. 63.

3. That upon a cause submitted upon bill and answer, it is competent not only to dissolve the injunction, but to dismiss the bill. Edwards *v.* Beaird, Breese 41.

4. That the judgment for the penalty of the bond was correct,

if on proof the value of the property was found equal to it. 2 Tidd's Pract. 800 – 1 ; 1 Chit. Plead. 134 – 5.

LOCKWOOD, Justice, delivered the opinion of the Court :

Beams and Archer filed their bill in chancery in the Madison Circuit Court, setting forth, among other things, that Buckmaster, for the use of Denham, had commenced an action against Beams and Archer on a replevin bond ; that shortly before the term of the Court to which the writ in the action on the replevin bond, to wit, August term, 1838, was returnable, Beams, one of the complainants, and who was the principal in the bond, became sick and unable to attend the Court. That he sent an agent to Court to attend to his suit ; that said agent called upon the attorney for the plaintiff in the suit on the replevin bond, who informed said agent, in view of the circumstances of the case, that said suit should be continued ; that notwithstanding said agreement to continue the cause, the plaintiff proceeded to take a judgment by default at the August term, 1838, and executed a writ of inquiry in which the damages were assessed at $ 600, being the whole amount of the penalty of the bond, and which sum they allege they are not justly or equitably bound to pay. The bill further states, that complainants do not mean to charge the attorney for the plaintiff in said suit with fraud in taking the judgment by default, but suppose that the judgment by default was taken by mistake or forgetfulness, in consequence of pressing and multifarious business.

The bill prays for an injunction, and that in consideration of the premises, that the Court will award complainants a new trial.

An injunction was allowed, and at the time the summons was made returnable, the defendants demurred to a part of the bill, and pleaded to other parts. Denham also filed an answer, denying the equity of the bill.

The defendants, by their counsel, thereupon moved the Court below to dissolve the injunction, which motion being argued, the Court dissolved the injunction, dismissed the bill, and ordered the complainants to pay damages and costs.

The assignment of errors questions the power of the Court, on a motion to dissolve an injunction, to dismiss the bill and give costs.

By the 14th section of the " *Act prescribing the mode of proceeding in Chancery,*"(1) it is enacted that " Replications shall be filed within four days after answer, if such answer be put in in term time ; or if in vacation, then the plaintiff or his attorney shall have notice of the filing of his answer and which shall be general, and all parties shall have the same advantage as if they were special ; and after replication filed, the cause shall be deemed at issue, and stand for trial at the next term; or in default of filing such replication, the cause may be set for hearing upon bill and

(1) R. L. 123; Gale's Stat. 142.

answer ; in which case the answer shall be taken as true, and no evidence shall be received, unless it be matter of record to which the answer refers.    When the complainants shall require a discovery respecting the matters charged in the bill, the disclosure shall not be deemed conclusive, but if a replication be filed, may be disproved or contradicted like any other testimony, according to the practice of courts of equity."

By the 13th section of the " *Act regulating the issuing of writs of Ne Exeat and Injunctions,*" (2) it is provided that " Upon the filing of an answer, it shall be in order at any time in term, to move for a dissolution of the injunction ; and upon such motion it shall be lawful for the parties to introduce testimony to support the bill and answer ; the Court shall decide such motion upon the weight of testimony, without being bound to take such answer as absolutely true."    There is no doubt, under these provisions of the several statutes, regulating proceedings in chancery, and issuing writs of injunction, that the Circuit Court had power in this case to dissolve the injunction, if in its opinion the answer denied the equity of the bill.    Still it does not follow that the bill should also be dismissed, because the injunction is dissolved.

Before a bill can be dismissed, there must be an issue made up between the parties in the manner prescribed by the 14th section of the act regulating proceedings in chancery.    It does not appear in the record whether four days in term had intervened between the filing of the answer and the dismissal of the bill.    To justify the Court in hearing the case on bill and answer, it should have appeared that the complainants were in default in not replying within four days after filing the answer.    This nowhere appears.    The allegations in the bill that the complainants neglected to make a defence in consequence of the promise of the attorney in the suit to continue the cause on the replevin bond, would, if true, be sufficient ground for a court of equity to grant relief.    The complainants, upon the assurance that the cause should be continued, were justifiable in not being prepared for trial.    The default was consequently against good faith, and deprived them of their legal right to have a trial on the merits.    The complainants, by their premature dismissal of their bill, have been deprived of the opportunity of taking depositions to prove their allegations.    The dismissal of the bill was consequently irregular.    The judgment of the Court below, in dismissing the bill and giving costs, is reversed with costs, and the cause remanded with instructions to the Court below to permit complainants to file a replication, and then proceed in the cause, to enable the parties to take depositions, according to the provisions of the statute.

*Judgment reversed.*

(2) R. L. 469 ; Gale's Stat. 511.