## WILLIAM S. SEYMOUR *vs.* SAMUEL S. MILLER.

A case was appealed by a plaintiff from a judgment of a justice of the peace to the superior court. By law the appellant was allowed till the opening of the court on the second day to enter his appeal. He entered it on the first day, but it was inserted by the clerk in an unusual place on the docket. The defendant before the session employed an attorney to appear for him in the suit, who attended on the first day of the court and examined the docket but could not find the case. He then made a memorandum of the case and of his appearance for the defendant, and gave it to the clerk, with the request that he would enter his appearance if the case should be entered on the docket, which the clerk agreed to do. Through inadvertence the clerk neglected to do so, and the plaintiff took judgment by default. The defendant had no knowledge of the fact until an officer called on him with an execution after the close of the term. He then brought a petition for an injunction and for the opening of the case. Held, that there was not such negligence on the part of the attorney as to preclude the petitioner from relief.

PETITION for an injunction and for a new trial. The following facts were found by the superior court. Miller, the respondent, on the 30th of May, 1862, brought an action of trover against Seymour, the petitioner, returnable before a justice of the peace at Farmington in Hartford County, on the 20th day of June, when the parties appeared and were heard before the justice, and judgment was rendered for the defendant in the suit. Miller took an appeal to the superior court to be holden at Hartford on the third Tuesday of July, 1862, and the cause was entered on the docket of the court on the 3d Tuesday of July, after the docket for the term had been nearly completed, and not in its regular place but near the end of the docket. Several days before the session of the court the petitioner employed Jared B. Foster and Wm. W. Bidwell, Esquires, attorneys at law, to appear for him and defend in the case. Mr. Bidwell came to the city of Hartford on the first day of the term and called at the office of the clerk of the court in the forenoon, and there examined the docket for the purpose of entering the appearance of Mr. Foster and himself, but could find no such case upon the docket. He then requested the clerk to examine the docket for the purpose of find-

ing the case, and the clerk did so, but did not find the case. In the afternoon of the same day and while the court was in session Mr. Bidwell again examined the docket, so far as any new cases had been entered since his first examination, but was unable to find the case. He thereupon made a memorandum of the names of the parties to the case and of the names of Mr. Foster and himself as attorneys for Seymour and of their appearance in his behalf, and handed it to the clerk of the court and requested him to enter their appearance when the appeal papers should be returned to the court and the cause entered upon the docket, and the clerk placed the memorandum in his vest pocket and agreed to enter their appearance whenever the case should be entered in the docket. Mr. Foster immediately after informed the petitioner that Mr. Bidwell and he had appeared in the cause, but that it would not be tried at the July term of the court, and the petitioner supposed that the cause had been entered in the docket, and that his appearance by his attorneys was also entered. But through the inadvertence of the clerk the appearance of the petitioner's attorneys was not entered on the docket, and Miller on the third day of the term appeared in court by his attorney, and had the damages raised, and the defendant defaulted, and took out judgment against the petitioner for the sum of $52 damages and $12.47 costs of suit, and after the court had adjourned without day took out execution, and placed the same in the hands of a constable who would have collected the same but for an injunction from the court requiring him to desist. The petitioner fully intended to defend against the suit and believed he had a good defence. Both he and his attorneys believed that an appearance had been duly entered on the docket, according to the agreement of the clerk, and did not know to the contrary until after the end of the term and until the constable presented the execution for collection. The term continued nine days. It is not usual in Hartford County to try any cases at the July term except criminal and privileged cases, and such as the parties agree to have tried.

The respondent claimed that the facts found constituted in law such negligence on the part of the petitioner and his

counsel as should prevent the granting of the petition ; but the court (*Pardee, J.,*) overruled this claim, and granted the prayer of the petition. The respondent thereupon brought the record before this court by motion in error.

*T. C. Perkins,* for the plaintiff in error.

*E. Johnson,* for the defendant in error.

HINMAN, C. J. We think the facts found by the superior court in this case sufficient to justify the decree granting a new trial. The rule on the subject is very well stated in the late case of *Day* v. *Welles,* 31 Conn., 344, and the only question was, whether the facts brought the case within it. The claim is that they show negligence in the petitioner's counsel in not making a thorough examination of the docket after the time for entering appeals had expired. No doubt the general practice of counsel is to give the name of the case to the clerk, and inform him that they appear for the appellee, at or soon after the time for entering appeals expires, and if the clerk does not find the case on the docket it is considered that counsel have exercised reasonable diligence in the matter. But the application to the clerk in this case, and the examination of the docket, were so near the time when the appeal must by law have been entered,* that little apprehension could have been entertained that the clerk would forget the fact that the appellee had given him notice of an appearance, and under the circumstances we think he was justified in relying on this, together with the agreement of the clerk to enter his appearance whenever the appeal should be entered, and his taking a memorandum for that purpose. It is true the clerk was not bound to assume any responsibility or make any agreement in the matter. But if he had declined any agency whatever the counsel would have been notified of the fact, and would have provided for an appearance at the pro-

---

* By statute appeals are to be entered by the appellant on or before the opening of the court on the second day.

per time, but he was thrown off his guard by the course taken. The inadvertence of the clerk does not differ materially from what would be the case if in the hurry of business he should omit to enter an appearance at the proper time, and the fact should escape his recollection, so that no appearance should be entered at all.

We are of opinion that there is no error in the decree complained of.

In this opinion the other judges concurred.