# JONATHAN EDWARDS

v.

# BENJAMIN F. SAMS ET AL.

1. CORRECTING MISTAKE—POWER OF COURT OF EQUITY.—A court of equity has unquestioned power to correct mistakes in the record of a court. Where the parties to the record seek a correction, it may be made upon motion and proper notice in the court where the mistake occurred; but this rule does not apply to one who was not a party to the record, and was not chargeable with notice of the mistake.

2. DILIGENCE—INTERVENING RIGHTS.—Appellant cannot be charged with want of diligence, he bringing his bill within ten days after discovery of the mistake, nor is he obliged to aver that no intervening rights of third parties had accrued. The law will not presume that such rights have accrued, and it is not necessary that such fact should be negatived in the bill.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. ANDREW D. DUFF and Messrs. BARR & LEMMA, for appellant; that if a subsequent judgment be first docketed a purchaser under it will take a title free from the prior undocketed judgment, cited Freeman on Judgments, § 343.

The public can act upon no other means of information than the official records of the court as kept by the proper officer: McCormick v. Wheeler, 36 Ill. 114; Sattler v. The People, 59 Ill. 68.

Errors of fact in a record may be corrected in the court when made at a term subsequent to the judgment: Mains v. Cosner, 67 Ill. 536; Rev. Stat. 1874, 782, § 67; C. & St. L. R. R. Co. v. Holbrook, 72 Ill. 419: Howell et al. v. Morlan, 78 Ill. 162; Cook v. Wood, 24 Ill. 295.

Where no rights of third parties have intervened, there is no limitation as to time when judgments may be corrected between parties to the record: Church et al. v. English, 81 Ill. 442.

The judgment may be corrected by the minutes kept by the judge: C. & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Howell et al. v. Morlan, 78 Ill. 162.

The court will amend a clerical mistake, when it is apparent from the files in a cause: Lyon et al. v. Boilvin, 2 Gilm. 629; Coughran v. Gutchens, 18 Ill. 390.

· Endorsements of the clerk upon the files are evidence for this purpose: Atkins v. Hinman, 2 Gilm. 437.

A court of equity, in cases of accident or mistake, can amend a record: Coughran v. Gutchens, 18 Ill. 390; Owens v. Ranstead, 22 Ill. 161; Robins v. Swain, 68 Ill. 197.

Mr. William J. Allen, for appellee; against the right to amend, cited C. & St. L. R. R. Co. v. Holbrook, 72 Ill. 419.

Until the amendment is made, the date of the judgment must be held conclusive: Hogden et al. v. Guttery, 58 Ill. 431; Lilly et al. v. Shaw et al. 59 Ill. 72.

· Allen, J. This was a bill filed by appellant against appellees, to the September term of the Jackson Circuit Court for 1877. Complainant alleges that he is a resident of New London, in the State of Connecticut. That James V. Logan, of said county of Jackson, was the owner in fee of certain lands in that county described in bill. That said Logan, to secure the payment of a $5,000 loan made by the Equitable Trust Company, of New York, made a trust deed to complainant, and that by the terms of the deed Logan was to have five and a half years to redeem the lands, by paying principal and interest, according to terms of trust deed.

That deed bears date November 2, 1874, but was acknowledged and filed for record March 25, 1875, in the recorder's office of said county; that when deed was filed for record, the records of Jackson county disclosed no judgment against Logan which was a lien on said lands, and charges that in fact there was no such judgment.

Bill charges that appellant, for the first time, was informed within ten days before bringing their bill that there appears now upon the record of said court a judgment against Logan, and in favor of F. Smith & Co., for $1,443.96, purporting to have been rendered on the 24th day of March, 1875, one day prior to the filing of appellant's deed of trust for record in the

recorder's office. Bill charges that no such judgment was rendered on that day. That record of court shows that court was in session on the 25th day of March; that 25th day of March was first Thursday of said term. That suit was pending in that court by F. Smith & Co. v. Logan. That a motion for default by plaintiff against defendant in that suit was made on Thursday, 25th, but that no judgment was rendered. That plaintiff in that suit asked and obtained leave to amend jurat on affidavit of merits. That affidavit had to be sent to St. Louis for amendment to jurat, and that in fact no judgment was rendered until 9th day of April following in that suit.

That plaintiffs in that judgment, F. Smith & Co., had execution issued on the pretended judgment of March 24, and levied upon lands described in deed, and that at a sale on said execution, F. Smith & Co. became the purchasers, at amount of judgment, interest and costs. That they hold a certificate of purchase, and that they will be, unless restrained, entitled to take, and will take, a deed for the premises on that certificate at the end of fifteen months from date of sale. That lands will not be redeemed. That clerk's computation of interest on note shows that it was made on the 9th day of April. That the date of said judgment, as it appears of record, was entered by mistake of clerk, and in fraud of the rights of appellant. That appellant has no remedy at law.

Bill prays that F. Smith & Co. may be restrained from transferring their certificate of purchase to a third party, and that the court may correct the mistake in date of judgment, and decree the trust deed to be declared a prior and superior lien upon the lands described therein, and for general relief.

Upon this bill a temporary injunction was granted by the judge, August 15, 1877. At the September term, 1877, a general demurrer was interposed by appellee to the bill, and demurrer sustained and injunction dissolved. Decree against appellant for costs.

The demurrer to this bill admits everything that is well stated in the bill, and the only question is, did the bill contain enough to entitle the appellant to have the judgment corrected, or to have his deed declared a prior lien upon the land?

The demurrer admits that judgment was not rendered until the 9th of April. Demurrer admits that it was a mistake of the clerk that judgment appears to have been rendered upon the 24th of March; it admits that appellant's deed was filed for record several days before judgment was rendered in favor of F. Smith & Co. against Logan, because these facts are well stated in the bill. But appellee denies the power of a court of equity to correct this mistake, and insists that the mistake could only be corrected on notice and by a motion in the court where the mistake occurred, saving such rights as may have accrued to third parties in the meantime.

That a correction might have been made by the parties to that suit upon motion we do not question. Appellant was no party to that suit, and hence was in no position to avail himself of this method of redress. The decision in Cairo & St. Louis R. R. Co. v. Holbrook, 72 Ill. 419, is not applicable to this bill, and the same may be said of Hodgen v. Guttery, 53 Ill. 431. These were mistakes where parties to the record sought a correction, and when they were at all times charged with the notice of the mistake. But we apprehend that such a rule would not be applied to one who was no party to the record, who was not chargeable with notice of the mistake, and whose rights were seriously affected by such mistakes.

In Griffin v. Ketchum, 18 Ill. 330, the court, in discussing the time within which a motion to amend a record or correct a mistake may be made, say that while a cause is pending such errors may be corrected, and that upon notice to the other party they may still amend after the case is finally determined, except in so far as the amendment may affect the rights of third parties; and after reviewing the cases in which it was held that amendments could be made upon notice, say, " undoubtedly a court of equity, by virtue of its jurisdiction in cases of accident and mistake, upon proper application by bill, and full proof, would grant relief by decree, adjusting and protecting the rights of all persons to be affected thereby." Here is a clear recognition of the doctrine that a court of equity will go beyond a court of law " in correcting mistakes in the record of a court."

In Owens v. Ransted, 22 Ill. 161, it is said "that the power of a court of chancery to correct a mistake in a case like this, when properly made out, cannot be questioned." In Robbins v. Swain, 68 Ill. 198, where the clerk had improperly entered a decree for sale of a tract of land not included in a foreclosure, the court say, although the mistake "might have been corrected after notice, it is equally within the province of a court to make the correction upon bill filed for that purpose. That this mode of relief is more satisfactory and complete."

In case of Owens v. Ransted, *supra*, the learned justice, in delivering the opinion of the court, says: "We think in all cases, if a sheriff or '*other officer*,' by fraud and collusion with a party, or by *mistake*, makes a false return, a court of equity has full power to interfere and give relief, and to permit the party injured to aver against the truth of the return, and show it to be false, *although it is a matter of record.*"

We think no decision will be found construing the doctrine laid down in that decision.

The bill avers that a knowledge of the facts as to the mistake of the clerk and of the sale on execution of the land came to him within ten days before this bill was filed. He cannot be charged with want of diligence, then, in not moving sooner in this matter. Appellee says the bill is insufficient because it does not aver that no intervening rights of third parties had accrued. We do not regard this objection as well taken.

The bill asks that F. Smith & Co. may be restrained from transferring the certificate of purchase "which they had," and that no deed shall be taken by them under their purchase. The law will not presume that intervening rights have accrued, and it was not necessary that that fact should be expressly negatived in the bill. Under the statements in the bill we hold that the injunction ought not to have been dissolved, and for the reasons above we reverse the decree of the Circuit Court, and remand the cause for further proceedings in that court.

Reversed and remanded.