## Chicago Title and Trust Company, Administrator of Ignacio Panzica, v. The Chicago and Northern Pacific Railroad Company.

1. COURTS—*Power to Correct Misprision of the Clerk.*—A court having no memoranda to guide its action can not, after the lapse of the term, correct the misprision of its clerk.

**Trespass on the Case.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

PEDRICK, DAWSON & SACHSE, attorneys for appellant.

J. S. NORTON and K. K. KNAPP, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is another of the cases of great injustice in cutting off the opportunity for the party to present the case relied upon, which injustice we can but be spectators of, without power to remedy it.

The record says, and we are bound by it, that on the 4th day of June, 1894, the case was called for trial and dismissed for want of prosecution. In fact, it was dismissed under a general call of the pending cases from No. 1 to No. 20,163, which the attorneys of the appellant did not find out until September, 1894, when, on the 6th day of that month, they made a motion to reinstate the case, which motion was properly denied for want of jurisdiction to grant it. The

case in this respect is like Angus v. Backus-Thornton Co., No. 5496, this term, and must share its fate.

Why may not the object of such general calls be attained by simply striking cases from the docket on such calls, instead of dismissing them, thus leaving them pending for subsequent action, and avoid such results as appear in this case and the one cited? Welch v. Louis, 31 Ill. 446. The judgment is affirmed.

MR. PRESIDING JUSTICE WATERMAN.

We can not, upon this appeal, regard the affidavits filed in the court below. From them, it would seem that the clerk of the Circuit Court, by mistake, entered an order which the court did not make. Appellant doubtless had a right to believe that the cause stood for trial, and to act upon the understanding that the court had not dismissed the cause. The court having no memoranda could not, after the lapse of the time, correct the misprision of its clerk.

Whether appellant has not a remedy in equity by bill to set aside the judgment entered by mistake, is a question we are not called to express an opinion upon.