### Fred Gottschalk v. Fred Lembke.

1. Practice—*Call of the Docket—Improper Dismissal of an Appeal.*—A published notice that a general call of cases would be begun on a certain day, and when called a case might be stricken from the docket or dismissed for want of prosecution, is no authority for dismissing the appeal in a case upon the docket on appeal from a justice of the peace. Under it the case, not the appeal, might be dismissed.

·Gottschalk v. Lembke.

**In Equity.**—Bill for an injunction to set aside an order dismissing an appeal.    Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.    Heard in this court at the October term, 1895.    Reversed and remanded.    Opinion filed December 12, 1895.

GEORGE F. ORT, attorney for appellant.

W. P. THORNTON and JOHN W. RICHEY, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is another instance of intolerable hardship resulting from the practice which we deprecated in Chicago Title & Trust Co. v. Chicago & Nor. Pac., 58 Ill. App. 388.

The bill filed by the appellant, with the amendment thereto, presents this case in substance, though perhaps not with technical accuracy.

The appellant owed the appellee nothing; yet the appellee obtained a judgment for $200 against the appellant before a justice.    The appellant appealed to the Circuit Court, and the appeal was there pending.    On the 22d day of May, 1894, the Circuit Court, without any motion or appearance by anybody, dismissed the appeal and awarded a *procedendo*, acting under a notice published for several days in the law bulletin, that May 21, 1894, a general call of cases up to a high number—the appeal of the appellant being of a lower number—would be begun, and when called, a case might be stricken from the docket or dismissed for want of prosecution.    Doubtless, the published notice was in pursuance of some previous order of court entered of record, but not shown by appellant's bill.

The appellant had no notice that his appeal had been dismissed, until the court had lost jurisdiction to reinstate it.

On general demurrer the bill was dismissed for want of equity.

We shall not go into detail as to the special averments of the bill and amendment.    If there be any want of precision in any of them, the appellant should be permitted to amend

when informed that such want of precision is the ground of the adverse action of the court.

It is quite evident on this record that the bill was dismissed on the theory that the appellant was negligent either in not attending upon the general call, or in not moving for a reinstatement of his appeal while the court retained jurisdiction. But the appellant had no notice in fact of the proposed general call, or that one had been made, or of any action affecting his appeal, until too late for the Circuit Court to help him. The published notice was no authority for dismissing the appeal. Under it the case—not the appeal—might be dismissed.

The recital in the record that the case was called for trial does not bind the appellant if the whole records of the court show that recital to be untrue. Chapman v. Hurd, 67 Ill. 234; Edwards v. Same, 3 Ill. App. 168.

The principle of Cooper v. Tyler, 46 Ill. 462, applies to this case. The case of the appellant is a much better one than those in which the Supreme Court of Connecticut granted relief in Seymour v. Miller, 32 Conn. 402, and the case there cited.

The decree is reversed and the cause remanded.