**Homer M. Little, Defendant in Error, v. Richard Stevenson et al., Plaintiffs in Error.**

Heard in this court at the February term, 1930. Opinion filed June 25, 1930.

A. R. MILLER, for plaintiffs in error.

LOUIS BEASLEY and EDWARD C. ZULLEY, for defendants in error.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

Defendant in error brought a suit in forcible entry and detainer before a justice of the peace to recover the possession of certain real estate, and a judgment was rendered in his favor. Plaintiffs in error appealed to the circuit court. The attorneys for the respective parties instructed the clerk of the circuit court that the cause was not to be set for trial at the September Term, 1927. The clerk, however, overlooked the instructions of counsel and the cause was set for trial at the said term of court and when it was reached none of the parties, or their attorneys, were present and the court entered an order dismissing the suit for want of prosecution. The parties did not learn that such an order had been entered until some time during a subsequent term of court.

Defendant in error filed a bill in equity to obtain relief from the order dismissing the suit for want of prosecution, in which he averred the facts above stated. A demurrer was interposed and overruled and plaintiffs in error electing to abide by their demurrer, a decree was entered granting the relief prayed.

The only contention presented for a reversal of the decree is that there was an adequate remedy at law by a motion in the nature of a writ of error *coram nobis* under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89. As early as 1839 where the attorneys for a plaintiff had agreed to a continuance until the next term of court but later went into court and procured a judgment in the absence of the defendant and his attorney, it was held that a court of equity will grant relief; *Beams v. Denham,* 3 Ill. 58. The same conclusion was reached in a similar case in *Putnam v. Murphy,* 53 Ill. 404. We have not taken the time to investigate as to whether section 89 of the Practice Act, or a similar section, was in force at the time those cases were decided.

The question again arose in 1877, when such a statute was in force, and the court held that equity would grant relief even though relief might be had at law by motion to set aside the judgment; *Foote v. Despain,* 87 Ill. 28. In cases of that character it would be a fraud for plaintiff and his attorney to go into court and take judgment after they had agreed to a continuance. In the case at bar there was no fraud on the part of either party or their counsel. The clerk, however, made a mistake in putting the case on the trial docket after the parties had agreed that this should not be done at that term of court. In *Seymour v. Miller,* 32 Conn. 402, Miller brought suit before a justice of the peace and judgment was rendered in favor of Seymour. Miller appealed to the superior court and Seymour's attorney went to the clerk of that court in ample time to enter his appearance but neither he nor the clerk could find the case upon the docket. The attorney then gave the clerk a memoranda of the case and requested him to enter the attorney's appearance when the appeal papers should be filed, but the clerk neglected to do so. Shortly thereafter Miller procured a judgment by default, of which Seymour was not advised until court had adjourned. He thereupon filed a bill in equity and the court held he was entitled to relief. In view of the cases above cited the decree must be affirmed.

*Affirmed.*