JERIEL WILDAY

*v.*

GEORGE M. McCONNEL, Exr.

1. FRAUDULENT JUDGMENT. If a judgment is obtained by fraud, and without any negligence on the part of the debtor, a court of equity will afford relief, and either open the case and grant a trial, or award a perpetual injunction.

2. DEFECTIVE SERVICE *of summons—when not sufficient notice.* When there are several suits between the same parties, it is not sufficient for the

sheriff to state to a defendant the name of the plaintiff, the sum demanded and the return term, without reading the writ, after the defendant has positively sworn, in support of his motion to set aside a default, that he was not duly served and had no knowledge of the matters on which the suit was actually brought.

3.  A court of equity will relieve against a verdict which is contrary to good conscience—such as enforcing a second payment of a debt already paid, although the defendant might have defended himself at law, but failed to do so through want of notice, or inadvertence.

4.  The finding of a lost or mislaid receipt subsequent to a verdict will justify setting aside the verdict and granting a new trial, and if that be denied, then the interposition of a court of equity would be proper, even though the lost or mislaid evidence of payment be in the custody of the party claiming the benefit of them, he being unapprised of his possession of them until after judgment.

5.  PRACTICE.  When the amount of the wrongful verdict is ascertained and specific, a court of equity may grant a perpetual injunction to restrain its collection; but when there has been no trial at law, and the evidence is conflicting, it is safer to open the case and send it back to a court of law to be tried.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

At the April term of the Morgan county circuit court, 1869, George M. McConnel, executor of Murray McConnel, deceased, recovered three several judgments by default against Jeriel Wilday and others, upon notes given to Murray McConnel in his lifetime.  After entry of judgment, the appellant moved the court to set aside the default and permit him to defend, as to one of the judgments, filing his affidavit that he had not been served with process, nor had opportunity to make his defense.  The court denied his motion.

Appeal was taken to the Supreme Court, but dismissed for want of prosecution.  Appellant then filed his bill praying for a perpetual injunction against the collection of the judgment.  In addition to want of service, as set up in his application to open the default, he alleged that a large portion of the amount involved in the judgment had been paid to Murray McConnel in his lifetime, for which he had receipts, but

which had been mislaid and forgotten, and only found since the denial of his motion for setting aside the verdict, and that unless aided by the restraining order of the court, he would be compelled to pay the disputed amounts the second time.

It was sworn by the officer who returned the original summons "served," that when he came with the writ Wilday told him he need not read it to him, that he accepted service; and that he only read to him the names of the parties, the amount of damages claimed, and the time of the term of the court. On this point appellant swore that, McConnel having informed him of the loss of one of the notes and given him a receipt against it, and also receipts for other payments, he did not understand, nor suppose, that he was being sued for the amount thus paid.

The appellee filed his answer, and testimony was taken on both sides; after which the injunction granted in the first instance was dissolved and appellant's bill dismissed. The case comes to this court by appeal from that order.

Mr. I. J. KETCHAM, for the appellant.

Messrs. MORRISON & WHITLOCK, for the appellee.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

Appellant filed his bill to enjoin the collection of a judgment at law, and praying for a new trial.

The evidence clearly shows that the judgment is unjust to some extent; that at least $1400 had been paid upon some of the notes sued upon, which amount had not been credited; that probably other sums had been paid, and that the receipts for the payments had been mislaid and were forgotten, until after the rendition of the judgment. A motion to set aside

the default was made at the same term of the court, and over-ruled, and this bill was filed within the year.

There is a conflict in the evidence as to whether the defendant had actual notice of the pendency of the suit at law, and knowledge that the notes now contested were in suit.

If a judgment is obtained by fraud, and without any negligence on the part of the debtor, a court of equity will afford relief, and either open the case and grant a trial, or award a perpetual injunction.

We can not pronounce the debtor guilty of *laches.* He stated positively that he was not served with process, and had no opportunity to defend the suit. The deputy sheriff, who served the writ, testified that he did not read it, but stated the names of the parties, the amount of the damages, and the term of the court.

The officer did not fully read the summons. Had he done so, perhaps the default would never have been taken. We are not, therefore, satisfied that there was actual notice given of the suit upon the notes to which there seems to be a just defense, as there were several suits, upon different notes.

But equity will sometimes relieve, even after a verdict, and when the defendant at law might have defended himself. As was said in the case of *Countess of Gainsborough* v. *Gifford,* 2 Peere Williams, 424, by the master of the rolls: "If the plaintiff at law recovers debt against the defendant, and the defendant afterwards finds a receipt under the plaintiff's own hand for the very money in question, the verdict is against conscience; and though the receipt were in the defendant's own custody, yet he, not being apprised of it, seems entitled to the aid of equity, it being against conscience that the plaintiff should be twice paid the same debt."

The case at bar is similar to the suppositious case in the opinion cited. The receipts had been forgotten at the time the default was entered, and when the motion was made to set it aside, their existence had not occurred to the defendant. Had he been present at the calling of the case and pleaded,

he had no available defense without the evidences of his payments. The evidence is. conclusive that he, was not apprised of the receipts until after final judgment.

So far as the record discloses, no actual fraud can be imputed to either party, as the executor can not be presumed to know of the payments made to the testator; but, by accident or mistake, an unjust judgment has been obtained.

We are strongly inclined to the opinion that, unless relief can be afforded, a debt will be twice paid. This would be in opposition to every principle of right and equity.

The complainant seems to have acted in good faith, and with proper vigilance in the assertion of his rights. He evidently has a meritorious defense, and has had no chance of presenting it. He ought to have an opportunity to make it.

We might determine the rights of the parties, and grant a perpetual injunction against the collection of so much of the judgment as, by the record before us, appears to have been paid. The evidence is, however, somewhat conflicting, and as there has been no trial at law, we prefer to open the case and send it back to a court of law, to be tried.

It is accordingly ordered that the default be set aside, and that the defendant in the suit at law be allowed to plead, and make his defense.

The decree is reversed and the cause remanded, with directions to enter a decree in conformity with this opinion.

*Decree reversed.*