# HARRIET N. FOOTE

*v.*

# WILLIAM DESPAIN.

1. CHANCERY — *new trial at law.* The rule is well settled, that where a judgment has been obtained by fraud, accident or mistake, a court of equity has jurisdiction to grant a new trial at law, or otherwise relieve against the judgment, unless the defendant has been guilty of negligence.

2. Where a plaintiff's attorney brings a case on for trial in the absence and without the knowledge of the defendant and his attorney, in violation of a written stipulation to give ten days' previous notice of an intention to try the case, a court of equity will grant a new trial, if it appears the judgment is unjust, and this though relief may be had at law by motion to set aside the judgment.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Mr. R. G. MONTONY, for the appellant.

Mr. JOHN LYLE KING, and Mr. M. L. KNIGHT, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Harriet M. Foote, in the Superior Court of Cook county, to enjoin the collection of a judgment obtained by William Despain against her, and for a new trial in the action at law wherein the judgment was recovered. At the March term, 1877, of the court, the complainant filed an amended bill, to which the defendant interposed a demurrer, which the court sustained, and dismissed the bill.

As the truth of the averments of the bill is admitted by the demurrer, the only inquiry presented by the record is, whether complainant, by the allegations in the bill, has shown a state of facts upon which a court of equity should grant the relief prayed. It appears from the bill, that Wm. Despain obtained the judgment against the complainant in the Superior

Court of Cook county on the 10th day of October, 1876, on an *ex parte* trial, she and her attorney both being absent, and having no notice or knowledge that the trial would be had at that time. It also appears, from the bill, that complainant has a meritorious defense to the whole of the demand upon which judgment was. rendered; that when she was sued she employed a competent attorney to defend the action for her; that her attorney and the attorney for Wm. Despain, at a term of the Superior Court in the spring of 1875, entered into a written stipulation in regard to the trial of the cause, as follows: "Said cause is hereby continued, to be taken up after (30 days), upon ten days' notice, in writing, by either party to the other; but said notice is to be given so that this case will be tried about the time (either immediately before or immediately after) the case of *Curtis* v. *Davis, Cox & Co.*, (gen. No. —,) in said court, is reached for trial on the trial calendar of said court."

It appears from the bill, that the attorney of Wm. Despain, in utter disregard of the written stipulation, placed the cause upon the trial docket, and, without notice to the complainant or her attorney, and in their absence, brought the cause on for trial, and obtained the judgment.

The bill contains many other allegations, but it will not be necessary to notice them here.

We understand the rule to be well settled, that where a judgment has been obtained by fraud, accident or mistake, courts of equity have jurisdiction to grant a new trial at law, or otherwise relieve against the judgment, unless the party against whom the judgment has been rendered is guilty of negligence. In this case no negligence can be imputed to the complainant or her attorney. A written stipulation had been executed, upon which the complainant had a right to rely. Under its provisions a trial could not be had until she or her attorney should receive from the opposite party ten days' notice that a trial would be had. The act of the attorney of Despain in placing the cause upon the trial docket, and pro-

ceeding to a trial without notice to complainant or her attorney, and in their absence, in disregard of the stipulation which he had deliberately executed, can not be regarded otherwise than as a deliberate fraud upon complainant, which can not be sanctioned or upheld when called in question in a court of equity.

It is, however, urged, complainant had a remedy at law by motion to set aside the judgment, and upon this ground a court of equity will not grant relief. This question arose in *Nelson* v. *Rockwell,* 14 Ill. 375, and it was there said: "Fraud is one of the broadest grounds of equity recognized by the courts, and relief may be obtained against a judgment at law, although the party might find a remedy in the court of law. It is the fraud which gives jurisdiction to this court, and the aggrieved party is not obliged to resort to another tribunal possessed of less power and appliances to ascertain the truth and grant the requisite remedy, although the other tribunal may have jurisdiction." In *How* v. *Mortell,* 28 Ill. 478, it was held that a court of equity had jurisdiction to grant a new trial in an action of ejectment, where the trial had been had in violation of an agreement, entered into by the attorneys in the cause, that the case should not be tried without notice from one to the other. The decision is based upon the ground that courts of equity have jurisdiction to decree a new trial at law where a judgment has been obtained by fraud, accident or mistake. The following authorities establish the same principle: *Beams* v. *Denham,* 2 Scam. 58; *Wilday* v. *McConnel,* 63 Ill. 278; *Babcock* v. *McCamant,* 53 Ill. 215.

It is true, applications to a court of equity for a new trial after a judgment at law are not frequent, for the reason that, ordinarily, the same remedy may be obtained on motion for a new trial, and the practice of resorting to a court of chancery ought not to be encouraged; yet, where a judgment has been obtained by fraud, accident or mistake, and the complaining party is free from negligence, it is proper the relief should be granted in a court of equity.

We are of opinion the allegations in complainant's bill are sufficient, if they are true—and their truth was admitted by the demurrer—to authorize a decree awarding a new trial in the action at law.

The decree dismissing the bill will be reversed and the cause remanded.

*Decree reversed.*