## SEDWICK W. HUPP

### v.

## ADOLPHUS MCINTURF.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.—Although the rule is, that a new trial will not be granted where the newly discovered evidence is merely cumulative, yet where the evidence is conclusive in its nature, and its production would prevent a second payment of the same debt, and its existence at the time of trial was unknown to the party; then if such lack of knowledge is not attributable to his negligence, he should have an opportunity to present such evidence, though it necessitates a new trial.

APPEAL from the Circuit Court of LaSalle county; the Hon. FRANCIS GOODSPEED, Judge, presiding. Opinion filed November 1, 1879.

Mr. W. BUSHNELL and Mr. CHASE FOWLER, for appellant; that the verdict was ill considered, unjust and not warranted by the evidence, and should have been set aside, cited Belden v.

Innis, 84 Ill. 78; Lowry v. Orr, 1 Gilm. 70; Reynolds v. Lambert, 69 Ill. 495; Chicago v. Lavalle, 83 Ill. 482; Ill. Cent. R. R. Co. v. Chambers, 71 Ill. 519; C. R. I. & P. R. R. Co. v. Herring, 57 Ill. 59; C. C. & I. C. R. R. Co. v. Troesch, 57 Ill. 155; Booth v. Hynes, 54 Ill. 363; Southworth v. Hoag, 42 Ill. 446; Goldstein v. Lowther, 81 Ill. 399.

Appellant should have the benefit of credits which, through no fault of his, he was unable to produce on the trial: C. & St. L. R. R. Co. v. Schumacker, 77 Ill. 583; Wilder v. Greenlee, 49 Ill. 253; Schweyer v. Anstett, 2 Bradwell 365; Wilday v. McConnell, 63 Ill. 278.

The delivery of the check and its acceptance, with the further fact that it was cashed at the bank, is conclusive as to the payment: Stevens v. Park, 73 Ill. 387.

The newly discovered evidence is not cumulative: 1 Greenleaf's Ev. § 2; Schlencker v. Risley, 3 Scam. 483.

Mr. M. T. Molony for appellee; upon the question of granting new trials on the ground of newly discovered evidence, cited Forrester v. Guard, Breese 74; Smith v. Shultz, 1 Scam. 491; Morrison v. Stewart, 24 Ill. 25; Crozier v. Cooper, 14 Ill. 139; Stetham v. Shultz, 17 Ill. 99; Martin v. Ehrenfels, 24 Ill. 187; Ritchey v. West, 23 Ill. 385.

PILLSBURY, P. J. Upon trial in the court below, a verdict was returned in favor of appellee for $165, and the appellant entered his motion for a new trial, urging as one reason why a new trial should be awarded that he had, since the rendition of the verdict, discovered new evidence of the payment of one hundred dollars to appellee in August, 1873. The court overruled the motion for a new trial, and the case was brought to this court by appeal.

The state of the accounts between the parties was the real issue in the court below, and to which the evidence of the parties was directed. Such accounts commenced in 1872 and continued for five years.

It appears from the affidavits filed in support of the motion for a new trial, that the defendant had made diligent search

among his papers before the trial, for any check drawn by him in favor of appellee and returned to him as paid, in which search he was unsuccessful, but that after the trial he had found one for one hundred dollars drawn by his son Charles, in favor of appellee.

Charles Hupp swears that he drew said check and delivered the same to the appellee, but that on the trial he had forgotten it, hence could not testify to it, or inform the appellee of the facts connected therewith. He further says that said check was given to appellee in part payment of his account against the appellant.

We have carefully examined the evidence contained in the record, and have come to the conclusion that the appellant should have been granted a new trial upon this ground. The record fails to show that any evidence was introduced upon the trial bearing upon this payment evidenced by the check in question.

We recognize the rule as a well settled one, that a new trial will not be granted to enable a party to introduce evidence newly discovered that is merely cumulative in its character, at the same time where the evidence is conclusive in its nature, and its production would prevent a second payment for the same debt, and its existence at the time of trial is unknown to the party; then if such lack of knowledge is not attributable to his negligence, justice would seem to require that he should have an opportunity to introduce such evidence to the jury, though it rendered a new trial necessary for such purpose.

The check in this case being drawn in favor of appellee, and delivered to him, is as conclusive in its character, as a receipt for the amount named therein.

It was drawn by the witness, Charles Hupp, more than five years before the trial, when he was engaged as a clerk for the appellant, and the witness having forgotten about it until its discovery after the trial, we cannot hold the appellant guilty of such *laches* under the circumstances as would preclude him from a new trial on the ground of negligence.

This case is very like that of Wilday v. McConnell, 63 Ill. 278, where after judgment a court of equity granted a new

trial at law, to afford the party an opportunity of introducing newly discovered evidence. As was said in that case, " we are strongly inclined to the opinion that unless relief can be afforded, a debt will be twice paid. This would be in opposition to every principle of right and justice."

The judgment of the court below will be reversed and the cause remanded, with directions to that court to award a *venire de novo* upon equitable terms as to costs in that court.

Judgment reversed.