# HENRY KILIAN ET AL.

## v.

# ALEXANDER CLARK.

1. PRACTICE—CALL OF DOCKET.—A call of the calender out of the usual course, in the absence of a rule of record authorizing it, is calculated to work serious prejudice to suitors. There is no rule of law making it incumbent upon parties or their attorneys to be continually in court to watch against some irregular call of the docket.

2. PRELIMINARY CALL—MUST BE AUTHORIZED BY RULE ENTERED OF RECORD.—The practice of the court as to the call of its trial calendar, has long been established, and so far as the record shows, such practice has not been changed so as to embrace a preliminary call. In order to authorize such a call there should be a rule of court entered of record.

APPEAL from the Circuit Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed November 7, 1881.

Mr. WALLACE SMITH and Mr. W. I. CULVER, for appellants; that plaintiff should be required to prove his case, and it was error to dismiss the appeal, cited Langenhan v. Stickney, 90 Ill. 361; Eichelberger v. Garvin, 7 Bradwell, 129.

The practical effect of a preliminary call is to advance a cause out of its order for trial, and is a violation of the constitution: Fischer v. Nat. Bank, 73 Ill. 34; Sea v. Glover, 1 Bradwell, 335; Gormley v. Uthe, 1 Bradwell, 170.

Mr. ALEXANDER CLARK pro se: that appeals may be dismissed for want of prosecution, cited Rev. Stat. Chap. 79, §§ 62, 71; Lawler v. Gordon, 91 Ill. 602; Boyd v. Kocher, 31 Ill. 297; Allen v. City of Monmouth, 37 Ill. 372.

Courts may make rules for the orderly disposition of business: Rev. Stat. Chap. 79, § 34; Prindeville v. The People, 42 Ill. 217.

An appellate court will not interfere with such rules unless they are inconsistent with law: Ettinghausen v. Marz, 86 Ill. 475; Boon v. Moline Plow Co. 81 Ill. 293.

The appellate court will not interfere with the discretion

of courts in overruling a motion of this kind unless it has been grossly abused: P. & R. I. R'y Co. v. Mitchell, 74 Ill. 394; Union Hide and Leather Co. v. Woodley, 75 Ill. 435; Constantine v. Wells, 83 Ill. 192; Schroer v. Messell, 89 Ill. 113.

The negligence of an attorney is the negligence of his client: Wendall v. Kimball, 85 Ill. 582; Wentler v. Hallagan, 86 Ill. 39.

McALLISTER, J. It is very evident from this record that injustice has been done the appellants. They were sued by appellee, an attorney, before a justice of the peace, at Wilmette, a village north of Evanston, and thirteen miles out of Chicago. As was their right to do, they did not appear; so appellee took judgment against them for $150 for alleged services performed by him for them as attorney. They thereupon took an appeal to the circuit court, by filing their bond with the clerk of that court. This appeal was perfected, the transcript of the justice was filed, the appearance of appellants by attorney, and that of appellee in his own person, were entered. Nothing remained to be done in the case but to try it *de novo* when reached in its order upon the docket. But March 23, 1881, while this case stood on the docket, at least one hundred cases below any the court had reached for trial, the appellee obtained, and the court granted, upon an irregular or preliminary call of the docket, an order dismissing appellant's appeal, and awarding a *procedendo* to the justice. The appellants immediately thereafter, and at the same term, made a motion, supported by affidavits, to set aside such order. The affidavits in support, which the court was bound to take as true for the purposes of that motion (none in opposition being allowable), conclusively show that appellee's claim for legal services was false, and fictitious; and that on the day of such preliminary call, appellant's attorney, not having any knowledge or notice that such call would be made, was temporarily absent from the city on business, and that one appellant (Kilian), was confined to his bed by a severe bodily injury, which he had received a short time before, and that the other appellant, Kil-

ian's daughter, was his only nurse. The court below, on this showing, refused to set aside the said order, to which appellants excepted, and bring the case here by appeal.

Sec. 14 of the act in regard to practice, approved Feb. 22, 1872, requires the clerk to keep a docket, in which all cases shall be entered, according to the date of their commencement. Sec. 15 provides for the apportionment of the causes for the several days of the term. Then section 17 declares "all causes shall be tried or otherwise disposed of in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct." An act was approved May 22, 1877 (Session Laws 1877, p. 147), which purports to amend said section 16 by attaching this proviso: "Provided, however, that in any county wherein two or more judges shall be holding separate branches of the same court, at the same time, for the trial of causes, such court may direct the clerk to make out two or more trial dockets, and to place all causes upon notes and other instruments of writing, for the payment of money only, and upon accounts, on such dockets; all appeals from justices of the peace on another of such dockets, and may cause such other distribution of causes upon separate dockets as in its discretion it may deem necessary and proper; and the court may try or otherwise dispose of the causes in their order on any of such dockets as it may deem proper."

If the dockets of the circuit court were at the time in question made up in conformity with the above amendatory provisions, and the latter were constitutional, it would seem that the court would be thereby possessed of a larger discretion than under the general statutes applicable to the circuit courts of the State at large. There is, however, nothing in this record to show that such dockets were made. If they were, a question of the constitutionality of that amendment would be involved. For if we look at the provisions of article 6 of the constitution of 1870, which presents the principal framework of the judicial department of the State, it will be found that the Superior and Circuit Courts of Cook County are of precisely the same grade as the circuit courts throughout the State, and

that the former are the only courts of civil cognizance which are provided with several judges and authorized to hold different branches of the same court at the same time. So that the terms of such amendatory statute apply only to the Superior and Circuit Court of Cook county. Section 22 of article 4, declares that " the General Assembly shall not pass local or special laws in any of the following enumerated cases, that is * * * for regulating the practice in courts of justice." Section 29 of article 6, says: "All laws relating to courts, shall be general and of uniform operation; and the organization, jurisdiction, powers, proceedings, and practice of all courts of the same class or grade, so far as regulated by law, and the force and effect of the process, judgments and decrees of such courts, severally, shall be uniform."

It has been supposed that the occasion for these provisions in the Constitution of 1870, was that, by special legislation for the courts of Cook county, the Legislature had, by degrees, created a system of practice here so different from that which obtained throughout the other parts of the State, that attorneys from the country coming here to attend to the interests of their clients, were in a similar situation to that of going into a foreign State. Fisher v. National Bank of Commerce, 73 Ill. 34.

Putting aside, therefore, the provisions of said amendatory statute, there was no rule of law, statutory or common, which made it incumbent on appellants or their attorney to be continually in court, to watch against some irregular call of the docket. If the case were reached for trial on the usual call, or for good and sufficient cause were set for trial out of its order, then it would be their duty to attend, and their failure might be regarded as the non-prosecution of their appeal. If even their counsel were then present, the appeal could not be dismissed, but the plaintiff should prove his case. Langenham v. Stickney, 90 Ill. 361.

This case, therefore, does not belong to the class which have gone to the Supreme Court where the court below has tried the case out of its order on the docket. There is no pretense that this irregular or preliminary call was for the purpose of

then trying any of the causes subject to such call, or that this case would have then stood for trial if appellants and their attorney had all been present; or that the latter would have been required to show readiness for trial at that time. The practice of that court as to the call of its docket or trial calendar has been long established, and as far as this record shows, such practice has not been changed so as to embrace or authorize such preliminary call.

If there has been adopted any rule of court authorizing it, the change would be such as to require such rule to be entered of record; and, inasmuch as appellee obtained the order of dismissal, it was his duty to have such rule, if it existed, incorporated into the bill of exceptions, because where the court is not proceeding in accordance with its ordinary powers, there is no presumption of correctness. It is a wise maxim of law, and applicable to such matters of practice, that "every innovation occasions more harm and derangement of order by its novelty than benefit by its abstract utility." Broom's Legal Maxims, 148.

This call, made out of the usual course, in the absence of a rule of record authorizing it, or notice to appellants or their attorney, was well calculated to operate as a surprise upon suitors and their attorneys, and in a case like this to work serious prejudice to appellants. The dismissal of an original action on such a call is nothing so serious as the dismission of an appeal. In the former case it is but the blowing out of a candle, which the plaintiff may light again. Not so with the dismissal of an appeal. There judgment has gone against the party appealing in the justice's court, so that when the appeal is dismissed, that becomes final and conclusive. Under the circumstances shown by this record, we are of opinion the dismissal of appellant's appeal was unauthorized, and resulted in great injustice. The court should have set it aside.

The judgment and orders of the court below, in this behalf, will be reversed and remanded.