THE MECHANICS NATIONAL BANK OF ILLINOIS

v.

WILLIAM H. COLEHOUR AND CHARLES W. COLEHOUR.

*Jurisdiction.*

1.    A court of chancery has no jurisdiction to direct a court of law what it shall do.    It can act only upon the party and then generally only by way of prevention.    If a judgment has been entered which equitably ought not to be enforced, the defendant may, upon terms, have an

injunction upon the plaintiff against enforcing it, and by thus coercing the plaintiff induce him to consent to a new trial.

2.   In certain cases where a judgment has been entered satisfied by a sale of property the title to which fails, the purchaser of the property may obtain a decree in equity against the original defendant for the price be bid.   If the plaintiff in the judgment was himself the purchaser, he may, by motion in the same cause, have the satisfaction vacated and take out another execution.

3.   In view of the evidence, this court declines to interfere with the decree dismissing the bill in the case presented, the same praying that a certain " judgment, execution, levy, sale and satisfaction of said judgment," be set aside, and complainant be allowed to proceed in said suit, and that a *pluries* summons issue in said suit and for general relief.

[Opinion filed June 2, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Henry M. Shepard, Judge, presiding.

Mr. Arthur B. Wells, for appellant.

Messrs. Monroe & McShane, for appellees.

Gary, J.   All the facts upon which this controversy depends are to be found stated in Culver v. Colehour, 115 Ill. 558, and Culver v. Phelps, 130 Ill. 217.

The bank has now filed a bill asking " that said judgment, execution, levy, sale and satisfaction of said judgment may be set aside " and " the bank " allowed to proceed in said suit, and that a *pluries* summons may issue in said suit against the Colehours, etc., and for general relief.

A court of chancery has no jurisdiction to direct a court of law what it shall do.   It can act only upon the party and then generally only by way of prevention.   If a judgment has been entered which equitably ought not to be enforced, the defendant may, upon terms, have an injunction upon the plaintiff against enforcing it, and by thus coercing the plaintiff, induce him to consent to a new trial.   Black on Judgments, Sec. 357.

No question as to the mode of relief was suggested in

Seward v. Cease, 50 Ill. 228, nor in Wilday v. McConnel, 63 Ill. 278, but the reasons why it must be only by coercion of the party are stated in Pelham v. Moreland, 11 Ark. 442.

Sometimes, however, when a judgment has been entered satisfied by a sale of property the title to which fails, the purchaser of the property may obtain a decree in equity against the original defendant for the price he bid. See cases cited in Warner v. Helm, 1 Gilm. 220.

If the plaintiff in the judgment was himself the purchaser, he may, by motion in the same cause, have the satisfaction vacated, and take out another execution. Jenkins v. Merriwether, 109 Ill. 647, and cases cited in Warner v. Helm, 1 Gilm. 220, and Day v. Graham, 1 Gilm. 435.

To apply the principles of the class of cases in which purchasers, where the title failed, have obtained decrees for the price bid, if the appellant be entitled to any relief, it would be a decree against the Colehours for the amount due upon the notes which were the foundation of the judgment. An action at law upon the notes was barred more than seven years before this bill was filed. While such an action might yet have been maintained, the appellant had notice of the facts which made its judgment void.

The chancery court can not act *in rem* upon the proceedings at law, and to decree the payment of the notes now, is beyond all precedent. Some negligence is chargeable to the appellant in not looking to the process in the original suit—more in not suing upon the notes while it might, after notice of the facts which made the supposed judgment void, and therefore no bar to such suit.

The decree dismissing the bill on demurrer is affirmed.

*Decree affirmed.*

Judge SHEPARD takes no part in this case.