## Fannie Lieserowitz, by her next friend, v. West Chicago St. R. R. Co.

1. EQUITY PRACTICE—*When Court of Equity Will Set Aside a Judgment.*—A court of equity will, in a proper case of fraud, or mistake, set aside a judgment; and when it does so it will, as preliminary and incidental relief, restrain by injunction all proceedings upon such judgment.

2. SAME — *Setting Aside Judgment in Equity — Remedy in Legal Forum.*—On setting aside a judgment obtained by fraud, or mistake, no equitable element existing in the original controversy, the adjudication of the original controversy on the merits is omitted, and the parties are left to pursue their remedy in the legal forum.

Lieserowitz v. West Chicago St. R. R. Co.

3.  EJECTMENT—*Legal Titles in Courts of Equity.*—It is contrary to all rules of proceeding to try an ejectment suit in a court of equity.  In all cases in which the title of real estate is legal and not equitable, the remedy is ample and complete at law, and no necessity can exist requiring the chancellor to assume such jurisdiction.

4.  MINORS—*Can Not Consent to Waive a Jury.*—Where a party to an action at law is a minor, such party can not consent to the waiver of a trial by jury or to the entry of a judgment, nor can such minor be bound by any such waiver or consent by a next friend.

5.  NEW TRIALS—*In Equity.*—Ordinarily on an application to a court of equity to set aside a judgment obtained by fraud or mistake, it is not enough to prove the fraud or mistake; it must be made to appear that the complainant has merits on his side and that he has evidence which, if submitted to a jury, might produce a different result.

6.  SAME—*Object of the Inquiry Same as at Law—Merits.*—The object of an inquiry in relation to the merits in applications to courts of equity for new trials, is the same as on applications to courts of law, on the ground of newly-discovered evidence, not cumulative, viz., to determine the probability of a different result; but it is not necessary for this purpose that courts of equity should decide finally and conclusively on the merits.

7.  INSTRUCTIONS—*Harmless Error.*—Where an instruction states that unless the plaintiff has proven by a preponderance of the evidence that she did exercise a reasonable degree of care for her own safety, the jury should find for the defendant, but omits the time at which the care was required to be exercised, namely, at the time of the alleged injury, the error is not sufficient to warrant a reversal of the judgment.

8.  SAME—*Reversible Error.*—An instruction which tells the jury that if they believe from the evidence that any witness who has testified in the case has been successfully impeached, then they are at liberty to disregard all the evidence of such witness except in so far as it is corroborated by other credible evidence or by facts and circumstances as shown by the credible evidence in the case, is well calculated to prejudice the plaintiff, where she is the only witness for herself as to the manner of the accident, and will warrant reversal.

**Trespass on the Case,** for personal injuries.  Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding.  Verdict and judgment for defendant.  Error by plaintiff.  Heard in this court at the October term, 1898.  Reversed and remanded.  Opinion filed February 23, 1899.

MOSES, ROSENTHAL & KENNEDY, for plaintiff in error.

ALEXANDER SULLIVAN, attorney for appellee; EDWARD J. McARDLE, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

This was an action by plaintiff in error against defendant in error, by Louis Lieserowitz, her next friend. The declaration contains but one count, which, after alleging that the defendant owned and operated certain lines of street railway on State street, Randolph street and other streets in the city of Chicago, with cars thereon drawn by horses, proceeds as follows:

"Plaintiff with all care and diligence was upon one of said defendant's cars on South Halsted street as a passenger to be safely carried to her place of destination. On said day plaintiff was with all care and diligence upon the car as a passenger, and was attempting to alight therefrom at the intersection of State street with Randolph street, having first requested the servant of the company to stop the car at said intersection to allow her to alight. The company by its servants negligently failed and neglected to stop the car a sufficient length of time to allow plaintiff to alight, but caused said car to be suddenly and violently started, by reason whereof plaintiff was thrown with great force and violence from and off said car, upon the ground, and was thereby greatly bruised and injured about her back, womb, and divers other parts of her body, and was otherwise greatly bruised and wounded, and became sick, sore and permanently injured, and remained so for a long space of time, hitherto, suffering great pain, being hindered and prevented from transacting her business affairs. Damages, $1,000."

The defendant pleaded the general issue and, by agreement of the parties, the cause was submitted to the court for trial, without a jury; the court found the defendant guilty and assessed the plaintiff's damages at the sum of $50, and judgment was entered on the finding and was satisfied in full in open court. Subsequently, Simon Lieserowitz, as the next friend of plaintiff, filed a bill in chancery in the Circuit Court, against defendant and Louis Lieserowitz, containing substantially the same averments in relation to plaintiff's cause of action as are contained in her declaration, and alleging facts which, if true, tended to show fraud and collusion between Lieserowitz and defendant in procuring the judgment above mentioned. The prayer of the bill was as follows:

"That a decree may be entered herein setting aside said judgment and declaring the same to be null and void and of no effect; that your orator may be permitted to institute an action for damages, as the next friend of said Fannie Lieserowitz, against the said West Chicago Street Railroad Company, so that her damages may be assessed, after a fair and impartial hearing thereof, in one of the courts of record of said Cook county, Illinois; that your orator may have such other and further relief in the premises as equity may require, and to your honors shall seem meet."

The defendant answered the bill, denying all fraud and collusion in obtaining the judgment, and also denying all material allegations, except the ownership and operation of the railroad, which it would be incumbent on plaintiff to prove in order to recover in the common law suit, including the allegations of ordinary care on her part and negligence on the part of the defendant causing the alleged injury.

A replication was filed to defendant's answer, the bill was taken for confessed as against Louis Lieserowitz, and the cause was heard on the pleadings and proofs. The decree, after the usual preliminary recitals, contains the following:

"The court further finds that the material allegations of said bill of complaint are true, that the equities are with the complainant, and that the complainant is entitled to relief as therein prayed." The decree sets aside the judgment and provides that after twenty days from the entry of the decree, a writ of injunction shall issue enjoining defendant from setting up the judgment as a defense to the action in which the judgment was rendered, or to any action which might be instituted by plaintiff, or in her behalf, against defendant, and enjoining Louis Lieserowitz from further acting as plaintiff's next friend in respect to her said claim.

On motion of plaintiff's attorneys and on presentation to the Superior Court of the decree of the Circuit Court, it was ordered that the cause be redocketed in its numerical order, and that Simon Lieserowitz be substituted for Louis Lieserowitz as plaintiff's next friend, and that all papers and proceedings be amended by increasing the *ad damnum* from $1,000 to $20,000. On a retrial of the cause on the same issues, the jury found the defendant not guilty, a motion for

a new trial was overruled, and judgment was entered on the verdict, to reverse which is the object of this appeal.

Plaintiff's counsel, on the trial, offered in evidence the pleadings and decree in the chancery case, claiming that the decree was conclusive as to the exercise of ordinary care by the plaintiff, and that the negligence of the defendant, as alleged in the declaration, caused the injury. The court excluded the evidence, and this is assigned as error. The object of the bill was not to obtain a final adjudication between the parties on the merits in chancery. Its sole object was to procure a decree setting aside the former judgment and enjoining the defendant from setting it up as a defense in the suit in the Superior Court, or in any suit which might be brought by the plaintiff for the same cause of action. In other words, the object of the bill was to remove the judgment out of the plaintiff's way, so that she might proceed in all respects as if it had never been rendered. This was the sole relief prayed and granted, and so it was understood by plaintiff's counsel, as is illustrated by their motion that the cause be redocketed, and the presentation of the decree to the Superior Court in support of that motion. When such a bill as that in question is filed, it is not in accordance with modern practice to give final relief on the merits, there being no equitable element in the original controversy between the parties, or involved in the suit at law in which the judgment was rendered. Pomeroy, in his work on equity, says: "A court of equity, in general, no longer assumes control over a legal judgment for the purpose of a new trial or any similar relief; it will in a proper case of fraud or mistake set aside such judgment; and whenever it will grant this final remedy, it will, as preliminary and incidental relief, restrain by injunction all proceedings upon the judgment." It has been the uniform practice in this State, on setting aside a judgment obtained by fraud or mistake, no equitable element existing in the original controversy, to omit an adjudication of the original controversy on the merits, and leave the parties to pursue their remedy in the legal forum. Lincoln v. Cook, 2 Scam.

61; Wilday v. McConnel, 63 Ill. 278; McGehee v. Gold, 68 Ib. 215; Brown v. Luehrs, 79 Ib. 575; How et al. v. Mortell et al., 28 Ib. 478.

In the last case cited, *supra*, a judgment was recovered in ejectment in violation of an agreement between the parties, and neither the defendants, nor their attorney, had knowledge of the trial or judgment until eighteen months after the rendition of the judgment. A bill was filed to set aside the judgment; the cause was heard on bill, answer and replication, and a decree was rendered not only setting aside the judgment, but adjudicating as to the title and the legal rights of the parties. This last was held erroneous, the court saying:

"It is, however, urged that it was error in the court below, on the hearing of the bill, to proceed to settle the title and adjust the legal rights of the parties. There was nothing alleged in the bill showing that the defense to the ejectment suit was in equity. It is contrary to all the rules of proceeding to try an ejectment suit in a court of equity. In all cases in which the title is legal and not equitable, the remedy is ample and complete at law, and no necessity can exist requiring the chancellor to assume such jurisdiction. When the question of fraud or mistake was found to exist, and the judgment at law was set aside and a new trial granted, the impediment to proceeding at law was removed, and the jurisdiction of the chancellor was at an end. The court below, therefore, erred in proceeding to a trial and decree on the title."

There is certainly no equitable element in plaintiff's claim for damages, as stated in her declaration, which would confer jurisdiction on a court of equity to finally adjudicate on the merits of the claim.

Plaintiff, being a minor, could not herself waive a jury and consent to a judgment. Railroad Co. v. Elder, 50 Ill. App. 276; 2 Pomeroy's Eq. Juris. 815; Daingerfield v. Smith, 1 S. E. Rep. 599.

Much less could she be bound by any waiver or consent of her next friend. Therefore, the judgment was not binding on her, and it would seem that mere proof of her minority, which was furnished by the record before the chancellor, would be sufficient to warrant a court of equity in setting

aside the judgment.  Ordinarily it is true, as stated by plaintiff's counsel, that on application to a court of equity to set aside a judgment obtained by fraud or mistake, it is not enough to prove the fraud or mistake; it must appear that the complainant has merits on his side, but this is for the purpose of showing to the court that the complainant has evidence which should be submitted to a jury, and which, if so submitted, might produce a different result.  Freeman on Judgments, 2d Ed., Sec. 498; Holmes v. Stateler, 57 Ill. 209, 214; Taggart v. Wood, 20 Iowa, 236.

The object of an inquiry in relation to the merits is precisely the same as on an application to a court of law for a new trial, on the ground of newly-discovered evidence, not cumulative, viz., to determine the probability of a different result, if the new evidence should be submitted to another jury.  It is clearly not necessary for this purpose, that a court of chancery should decide finally and conclusively on the merits.

In Kitson v. Farwell, 137 Ill. 327, the court say : " The authorities are, therefore, that a judgment is conclusive only of what it necessarily and directly decides."  In Smith's notes, the following, Doe v. Oliver and the Duchess of Kingston's case, 3 Smith's Leading Cases, 9th Am. Ed., p. 2014, this occurs :

" It is also necessary, as a general rule, that the earlier judgment which is set up in a plea of *res adjudicata* should have been intended to be a final decision between the parties. This rule is well illustrated by the modern case of Langmead v. Maple, 18 C. A. N. S., 255, where, to a declaration for an injury to the plaintiff's reversion by buildiing upon his wall, the defendant pleaded that under the Chancery Regulation Act of 1867, the very same question had been determined against the plaintiff by the court of chancery and it was held to be a good replication that the court, in anmissing the plaintiff's bill, had reserved to him the right of proceeding at law in respect of the matters complained of."

In Langmead v. Maple, *supra*, it was expressly held that in order for the decree to be conclusive of the controversy between the parties, it must appear that there was a final

adjudication on the merits. All that was asked by the bill in question, and all that was granted, and all that, on the authority of How et al. v. Mortell et al., *supra*, the chancery court had jurisdiction to grant, was the removal of the judgment as an impediment to proceeding at law. The learned chancellor stopped where his jurisdiction ended, and did not erroneously proceed to a final adjudication of the legal controversy between the parties. The evidence was properly excluded.

Plaintiff's counsel object generally to all the defendant's instructions and specifically to some of them. Objection is made to instruction four, by which the jury are instructed, in substance, that unless the preponderance of the testimony showed that plaintiff fell by reason of the car being suddenly started, the verdict should be not guilty. The averment in the declaration is, that the company " caused said car to be suddenly and violently started, by reason whereof plaintiff was thrown with great force and violence from and off said car," etc., and counsel, in their argument, p. 17, say : " The plaintiff's claim was that she fell by reason of the sudden and violent starting of the car." We perceive no error in the instruction. Instruction five is as follows :

" The jury are instructed that while a minor is not required to exercise the same degree of care and prudence for his or her safety which is required of a person of mature age, yet he or she is required to exercise such ordinary care for his or her own safety as is commonly exercised by one of like years, experience and intelligence. Unless the plaintiff in this case has proven by a preponderance of the evidence that she did exercise such degree of care for her own safety, the jury should find for the defendant."

The only objection which we can perceive to this instruction is, that it omits the time at which the care was required to be exercised, namely, at the time of the alleged injury. We would not, however, deem this inaccuracy sufficient to warrant a reversal of the judgment.

Instruction nine : " The court instructs the jury that if they believe from the evidence that any witness who has

testified in the case has been successfully impeached, then the jury are at liberty to disregard all the evidence of such witness except in so far as it is corroborated by other credible evidence or by facts and circumstances as shown by the credible evidence in the case."

This instruction was held erroneous in Kornazsewska v. W. C. St. R. R. Co., 76 Ill. App. 366. The instruction was well calculated to prejudice the plaintiff, as she was the only witness for herself as to the manner of the accident. We find no other substantial error in the instructions. On account of erroneous instruction nine, the judgment will be reversed and the cause remanded. Reversed and remanded.