## Prussian National Ins. Co. v. Anton Chichocky.

1. EQUITY—*Power to Set Aside a Judgment of Dismissal.*—Where a cause was placed upon the trial calendar of a trial judge who died before it was reached for trial, and another judge took up the calendar, and, in ignorance of the fact that such cause had been set down for trial, included it in a second preliminary call, contrary to the established and uniform practice of the court, of which neither the plaintiff nor his attorneys, although awaiting its appearance upon the trial calendar, had notice, and upon which second irregular call it was dismissed, which dismissal was not discovered until after the end of the term, *held*, that a court of equity had full power and jurisdiction to set aside the judgment of dismissal and give the appropriate relief in the premises.

2. SAME—*Power to Decree New Trials.*—Courts of equity have jurisdiction to decree new trials at law where judgments have been obtained by fraud, accident or mistake.

3. SAME—*Power to Correct Mistakes in Judgments—Competency of Oral Testimony.*—Where the clerk of a court of record makes an erroneous entry in the record of a judgment at law, oral testimony is competent in a court of equity to show that the entry was incorrect in fact, or, in other words, a mistake in fact, and the court has jurisdiction to set aside such judgment; such mistakes may be shown by any competent evidence, oral or documentary, as the other cases.

**Bill to Set Aside an Order of Dismissal.**—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed March 12, 1901.

ISAAC A. LOEB, attorney for appellant; WILLIAM S. HEFFERAN, of counsel.

DICKINSON & HAREMSKI, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court

This is an appeal from a decree of the Superior Court setting aside and vacating a judgment at law by which a suit brought by appellee against appellant, in said court, upon the law side thereof, was dismissed, and reinstating said cause in its place upon the law docket and trial calendar.

The decree finds, in substance, that appellee brought suit in the Superior Court upon a policy of insurance issued by

appellant to recover the loss and damage caused by fire upon the goods covered by said policy; that the cause being at issue, was placed upon the calendar of the late Judge Goggin, who, upon a preliminary call of the calendar, had set the cause for trial upon his trial calendar; that Judge Goggin having soon thereafter died while said cause was still awaiting trial, Judge Payne, of said court, took up the said calendar of Judge Goggin, and, in ignorance of the fact that said cause had been upon a former preliminary call set down for trial, included it in a second preliminary call, contrary to the established and uniform practice, of which call neither the plaintiff in said cause nor his attorneys, who were awaiting the appearance of said cause on the trial calendar, had notice; and that upon said second and irregular preliminary call the said suit was dismissed; that said appellee and his attorneys, without fault or neglect on their part, had no notice nor knowledge of said dismissal until the term had expired at which said order of dismissal was entered; that appellee's attorneys then moved before Judge Payne to set aside the dismissal and to reinstate said cause; that said motion would have been granted by Judge Payne "had he not been prevented from doing so by the fact that the term of court at which said judgment of dismissal had been rendered had passed and come to an end."

This finding of facts is substantially justified by the evidence.   Courts of equity have jurisdiction to decree a new trial at law where a judgment has been obtained by fraud, accident or mistake.   Foote v. Despain, 87 Ill. 28 (30).

It is contended by appellant's counsel that appellee had an adequate remedy at law.   This might have been so, had the facts been discovered before the expiration of the term at which the judgment of dismissal was rendered.   After such expiration no correction of the record which the court had power then to make would have restored its jurisdiction to set aside the final judgment entered at a former term.   But in equity "relief may be obtained against a judgment at law, although the party might find a remedy in the court of law."   Foote v. Despain, *supra*.

The recital in the record that the case was called for trial and dismissed on such trial call does not bind appellee, if the whole records of the court show that recital to be untrue, and that in fact it was dismissed—not for want of prosecution when called for trial—but upon an irregular second preliminary call made by mistake of the judge, and of which appellee had no notice until it was too late for the court to help him, because the term had elapsed. Gottschalk v. Lembke, 61 Ill. App. 236, and cases there cited. As is said in Kilian v. Clark, 9 Ill. App. 426 (430), " the call made out of the usual course in the absence of a rule of record authorizing it, or notice to appellees or their attorney, was well calculated to operate as a surprise upon suitors and their attorneys, and in a case like this to work serious prejudice to appellants."

It is said that there was no competent evidence produced to maintain the allegations of the bill, and to show that the order dismissing the suit at law was in fact made on a first call instead of a trial call, as the judgment order recites. We presume it is intended by counsel to claim that the facts could not be shown by oral testimony, contradicting the recital of the record in the law suit, that the order of dismissal was entered when the case had been called for trial. In the case of Owens v. Ranstead, 22 Ill. 161 (169), it is said by Breese, J., that where, by fraud or mistake, an officer makes a false return, " a court of equity has full power and jurisdiction to interpose and give the appropriate relief, and to permit the party injured to aver against the truth of the return and show it to be false, although it is a matter of record." In that case oral testimony was held admissible against the truth of the sheriff's return. In the present case it is the clerk's recital that is in question. But the oral testimony was not introduced to correct the record of the judgment at law. It was offered in a court of equity to show that the said recital was incorrect in fact, was, in other words, a mistake in fact; and a court of equity having jurisdiction to set aside a judgment obtained by mistake, such mistake of fact may be shown by any com-

petent evidence, oral or documentary, as in other cases. See Edwards v. Sams, 3 Ill. 168 (171).

It is said that there is no evidence to support the finding of the decree that Judge Payne would have granted the motion to reinstate if the term of court had not passed. However that may be, it is immaterial what said judge might have done under other circumstances. The decree does not stand on that ground, but on the substantial ground that the judgment at law was improperly entered by mistake, in violation of the regular and established methods of procedure.

The decree of the Superior Court is affirmed.