### West Chicago St. R. R. Co. v. Dora L. Stoltzenfeldt, Adm'x, etc.

1. COURTS OF CHANCERY—*Jurisdiction to Restrain the Enforcement of a Judgment.*—When a judgment has been obtained by fraud, accident or mistake, courts of equity have jurisdiction to grant a new trial at law, or otherwise relieve the defendant from it, unless he has been guilty of negligence himself.

2. SAME—*Limitation of the Power.*—The ground upon which such relief is granted is limited to cases in which the judgment has been obtained through fraud, accident or mistake.

3. CHANCERY PRACTICE—*Effect of an Unverified Answer.*—The only effect of an unverified answer is to reach an issue, like any other pleading, whether it is verified or not.

4. NEGLIGENCE—*Of an Attorney to be Imputed to His Client.*—The negligence of an attorney in failing to attend the call of the docket, and avoid a dismissal of his client's suit, is to be imputed to such client as his own negligence.

**Bill to Set Aside a Judgment.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1901. Reversed and remanded. Opinion filed February 13, 1902.

**Statement.**—Appellee exhibited her bill in chancery to obtain a decree setting aside a judgment in a suit at law wherein appellee had sued appellant for damages in an action on the case, and wherein a judgment against appellee for costs had resulted. The cause was heard, as would seem from the record, upon bill and answer, and a decree was entered granting the relief prayed. The answer was not under oath. No evidence appears to have been heard in support of the bill.

The bill of complaint alleges that the suit at law of appellee against appellant was dismissed at the plaintiff's, appellee's, costs, for want of prosecution upon a general call of the docket. The order for the general call of the docket as entered by the Circuit Court and as set forth in the bill of complaint, is in part as follows:

"Ordered, that a general call of the docket of all law cases now pending in this court be had from term number one to term number 19,983, both inclusive, commencing before Honorable John Gibbons, at thirty minutes after nine o'clock on the morning of April 25, 1898, and continuing at the same hour from day to day thereafter, until all cases so pending shall have been called and marked for trial or otherwise disposed of by the court. It is further ordered that all law cases pending at the date aforesaid between and including the term numbers aforesaid, when such cases are called for trial as aforesaid, may be stricken from the docket or dismissed for want of prosecution as the court

may see fit.   And it is further ordered that cases stricken from the docket or dismissed for want of prosecution may, for good cause shown to the court at any time within ninety days from date of such order of dismissal, be reinstated, and placed at the foot of the docket on the date of reinstatement, as the court may in its discretion determine," etc.

The bill further alleges that the suit of appellee against appellant, having the term number of 4,660, was reached upon such general call and was dismissed " without any notice to complainant (appellee), either actual or constructive;" that appellant wholly neglected and failed to notify appellee either of said general call or of the undue advantage obtained thereafter over appellee by the dismissal of said case; and not until after the period set for the reinstatement of said cause, to-wit, ninety days thereafter, did appellee become aware of the dismissal of said case, when it was too late under said rule of court to move to set said dismissal aside; that the said general call was not a trial call, but was and is a call wholly unauthorized by law and contrary to the rules established by the said Circuit Court of Cook County, and then in force; that said order for said general call was wholly unauthorized and void; that the dismissal of said case when reached on the said call unknown to appellee, as aforesaid, was and is an act wholly unwarranted and unauthorized, and contrary to law.

The bill sets up certain rules of the Circuit Court governing the making and calling of trial calendars, and alleges that the suit in question was in accordance with the rules of the Circuit Court assigned to another judge than Judge Gibbons, who, under the order, conducted the general call of the docket.   The bill also sets out the ground of action of appellee in her suit which was thus dismissed.

Appellant answered the bill of complaint averring *inter alia* that there was published in the Chicago Daily Law Bulletin upon each day during which the general call of the docket was made, up to and including the date of the dismissal of appellee's suit, a notice of such call, and that the Chicago Daily Law Bulletin is a law publication, published in the city of Chicago, County of Cook and State of Illinois, on

West Chicago St. R. R. Co. v. Stoltzenfeldt.

each secular day during the year; that it is the recognized official organ of the courts of Cook County; that it is the same publication referred to in Rule 17 of the Circuit Court as the "Law Bulletin," and that it is read by all practicing attorneys in the county of Cook and State of Illinois, and is the known and recognized medium by which court notices of all kinds are communicated to members of the bar. That it is the recognized custom of practicing attorneys in the city of Chicago to examine said bulletin each day for the purpose of ascertaining what orders have been entered and what calls of cases will be made, and that this custom is known and recognized by the judges of all the courts of record sitting in said county of Cook.

Further answering, this defendant says, that by the entry of the order of April 11, 1898, aforesaid, and its subsequent publication in the said Chicago Daily Law Bulletin, the existing rules of the Circuit Court of Cook County were modified and repealed in so far as they or any of them, or any part of them, conflicted in any way with the said order of April 11, 1898, and that said order then and there became and was one of the rules of said Circuit Court of Cook County.

Rule 17, referred to by bill and answer, and other rules of the Circuit Court set out by the bill, all relate to and govern the trial calendars, which are made up from the general docket. The call in question was a call of the general docket, and not a call of any trial calendars made therefrom.

From the decree granting the relief prayed by the bill, setting aside the judgment in the suit at law and enjoining appellant "from setting up said judgment in any way by way of defense to the aforesaid action," the appeal here is prosecuted.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant.

C. S. O'MEARA, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

It is contended by the learned counsel for appellant that a court of chancery has no jurisdiction here to grant a new

trial in an action at law, and therefore that the decree is here erroneous. In this behalf the decision of this court in Mechanics N. Bank v. Colehour, 44 Ill. App. 470, is cited and relied upon. The decision is not controlling of this case. It goes only to the extent of holding that a court of chancery has not in general, jurisdiction to direct a court of law what it shall do. But it does not hold that a court of chancery may not enjoin a party to a suit at law, or to a judgment at law, from enforcing it, and thus, by operating upon the person in restraint of action, control the effect of the suit or judgment. This is in effect what the court below undertook to do here, *i. e.*, to restrain appellant from enforcing the judgment against appellee as a bar to her further maintenance of her suit. To this extent a court of chancery under our practice has undoubted jurisdiction. Wilday v. McConnell, 63 Ill. 278; Foote v. Despain, 87 Ill. 28; Lieserowitz v. W. C. Ry. Co., 80 Ill. App. 248; P. N. Ins. Co. v. Chichocky, 94 Ill. App. 168.

And these decisions are supported by authority elsewhere. 2 Beach Mod. Eq. Jur., Sec. 658; 1 Black on Judgments, Sec. 356 *et seq.;* Freeman on Judgments (2d Ed.), Sec. 486.

The ground upon which such relief can be granted is, however, in our practice, at least, limited to cases wherein the judgment at law has been obtained through fraud, accident or mistake.

In Foote v. Despain, *supra*, our Supreme Court say:

"We understand the rule to be well settled that when a judgment has been obtained by fraud, accident or mistake, courts of equity have jurisdiction to grant a new trial at law, or otherwise relieve against the judgment, unless the party against whom the judgment has been rendered is guilty of negligence. * * * When a judgment has been obtained by fraud, accident or mistake, and the complaining party is free from negligence, it is proper the relief should be granted in a court of equity."

There can be no question as to equity jurisdiction if fraud, accident or mistake is shown in the obtaining of the judgment, and it is also shown that the complaining party and his attorney have been free from negligence.

The further question is, however, presented, as to whether, upon the showing here made, the complainant below, appellee here, was entitled to the relief granted.

The cause was disposed of upon bill and answer, no evidence having been heard. The answer was not under oath, the bill having in terms waived a sworn answer.

The fact that the answer was not replied to did not warrant the court in taking its averments as true, as would be the case if an answer under oath were not replied to, against which nothing could be heard save matters of record for want of replication. The only effect of an unverified answer is to reach an issue, like any other pleading, whether it be replied to or not. Chambers v. Rowe, 36 Ill. 171; Jones v. Neely, 72 Ill. 449.

No evidence was heard in support of the allegations of the bill of complaint. The decree makes no findings of fact. There are no depositions in the files. Moreover, we are of opinion that the bill is insufficient to warrant any relief. No fraud is shown by the allegations of the bill in the obtaining of the judgment, the use of which by appellant is sought to be enjoined. If it can be said that there is a showing of accident or mistake, yet no showing is made by the allegations of the bill to the effect that appellant was not negligent in permitting the judgment to be rendered. By her mere appearance at the making of the call she could have prevented the judgment. The negligence of her attorney in failing to attend the call and thus avoid a dismissal, is to be imputed to her as her negligence. No showing is made by the bill of complaint that the attorney for appellee was not well aware of the order for a general call of the docket, which would include the suit which he had brought for appellee.

If there was no ground for relief upon the basis of fraud, accident or mistake, then the mere irregularity of procedure in the making of any such general call of the docket, if there was any irregularity therein, was a matter which could and should have been corrected in the court below upon motion, or upon appeal, or writ of error by a court of

appellate jurisdiction. No jurisdiction is vested in a court of equity to take the place of the law courts for such purpose.

There being nothing to sustain the decree, it must be reversed and the cause will be remanded.