## Jacob Doppelt v. Louis J. Blum, et al.

### Gen. No. 11,707.

1. DISMISSAL—*what ground for setting aside.* Affidavits which show a meritorious defense, and that at the time of the dismissal the party's counsel was actually engaged in another court, make such a case as entitles him to have a dismissal made upon preliminary call set aside.

2. APPEAL FROM JUSTICE—*when dismissal of, improper.* A dismissal upon preliminary call of an appeal from a justice at the instance of the appellee, is not within the rules of the court and therefore erroneous.

3. PRELIMINARY CALLS—*construction of clause providing for dismissal of cause upon.* Such rules should not be so construed as to work hardship upon litigants.

Action commenced before justice of the peace. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1904. Reversed. Opinion filed January 23, 1905.

CHARLES A. CHURAN, for appellant.

BLUM & BLUM and DANIEL M. ROTHSCHILD, for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment dismissing appellant's appeal to the Superior Court of Cook County from a judg-

Doppelt v. Blum.

ment rendered against him, at the suit of appellees, by a justice of the peace. The calendar number of appellant's appeal from the judgment of the justice was 659. September 22, 1903, there was a preliminary call of the general calendar of law cases from case numbered 500 to case numbered 700, and appellant's appeal, on being reached on the call, was dismissed on motion of appellees, the plaintiffs in the suit. September 23, 1903, appellant, by his attorney, moved the court to set aside the order dismissing his appeal and reinstate the same, and read, in support of said motion, the affidavit of Charles A. Churan, his attorney, from which it appears, in substance, that said attorney, when the case was called, was actually engaged in the Probate Court of Cook county, and therefore could not be present in the Superior Court; but the court overruled the motion. September 28, 1903, appellant moved the court to set aside the orders of September 22 and 23, 1903, on the ground that the dismissal of the appeal was not authorized by statute or any rule of court, and read, in support of said motion, his own affidavit and the affidavit of Mr. Churan, his attorney, and certain rules of the court. Appellant's affidavit, in addition to showing that his attorney was engaged in the Probate Court when the cause was called, sets up facts which, if proved, will constitute a defense to the action. Rule 20, under which the call was made when appellant's appeal was dismissed, provides as follows:

" Rule 20. The clerk of the court will each year make up a General Calendar of the law cases pending prior to July 1st of such year, in the order of their Term numbers. Copies of such calendars shall be printed and ready for distribution on or before the third Monday of August of each year.

" On the first Tuesday after the second Monday of September of each year, a preliminary call shall be made of 500 cases; the announcement of the call will be posted upon the bulletin board in the office of the assignment clerk three days prior to the call.

" On such preliminary call, cases will be set for trial on the motion of either side, and if neither party responds, the

case, or in appeals from justices of the peace, the appeal will be dismissed ' with leave to reinstate within thirty days for good cause shown,' without costs to either party. All cases marked for trial not at issue, shall be continued," etc.

The preliminary call provided for by the rule is merely for information, viz: That the court may be informed what causes are at issue and ready for trial, in order that they may be placed on a peremptory call of cases for trial. The rule is for the convenience of the court and litigants, and should be construed liberally, to the end that causes may be tried on their merits. Flagg v. Puterbaugh, 98 Cal. 134; Smith v. Whittier, 95 Cal. 279; Palo Alto County v. Harrison, 68 Ia. 81.

The dismissal of the appeal in the present case was not warranted by rule 20. The rule provides: "If neither party responds, the case, or, in appeals from justices of the peace, the appeal will be dismissed." By the very terms of the rule, a suit or an appeal can only be dismissed on preliminary call, when neither party responds. This provision seems to be based on the *prima facie* presumption that if neither party responds, the further prosecution of the case or appeal has been abandoned. In the present case, the plaintiffs in the appeal suit moved for the dismissal of the appeal, and it was dismissed on their motion. They responded. The case, as the record shows, was ready for trial, and it should have been so noted on the call. But even when there is no response by either party, and, therefore, a case or appeal is dismissed in strict accordance with the rule, it may be reinstated within thirty days, on good cause shown. We think that ample cause for reinstatement was shown in the present case. We have had experience in regard to rule 20 in the trial courts, and know that it has been the practice in those courts to construe the rule liberally. The dismissal of an appeal is much more serious than the dismissal of a suit, and the rule makes a distinction between suits and appeals unfavorable to the latter.

In Kilian v. Clark, 9 Ill. App. 426, the court, McAllister, J., delivering the opinion, say: "The dismissal of an origi-

nal action, on such a call, is nothing so serious as the dismissal of an appeal. In the former case it is but the blowing out of a candle, which the plaintiff may light again. Not so with the dismissal of an appeal. There judgment has gone against the party appealing in the justice's court, so that, when the appeal is dismissed, that becomes final and conclusive."

The order of September 28, 1903, overruling appellant's motion to set aside the orders of September 22 and September 23, 1903, will be reversed, with directions to the Superior Court to vacate and set aside said order of September 23, 1903, and to reinstate appellant's appeal on the docket of said Superior Court.

*Reversed with directions.*